UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY V. KONONOV, | No. 2:15-cv-436-EFB P |
| Petitioner, | |
| v. | ORDER |
| SACRAMENTO COUNTY SHERIFF DEPARMENT, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The court has reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Proceedings, and finds that it must be summarily dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

Federal courts offer two main avenues to relief on complaints related to one's imprisonment – a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights complaint pursuant to 42 U.S.C. § 1983. Challenges to the validity of one's confinement or the

---

[1] Petitioner's application to proceed in forma pauperis (ECF No. 7) is granted. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; see also E.D. Cal. Local Rules, Appx. A, at (k)(4).

duration of one's confinement are properly brought in a habeas action, whereas requests for relief turning on the circumstances of one's confinement are properly brought in a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also* 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254 Cases.

Petitioner's claims for relief concern allegations of an instance of excessive force, administrative appeals, mail, and requests for medical attention that have gone unanswered, and denial of food, showers, yard time, and telephone access. *See* ECF No. 1. Petitioner's claims concern the conditions of his confinement. They do not sound in habeas because they do not concern the validity or duration of his confinement.

Accordingly, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 7) is granted and this action is dismissed without prejudice to filing a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk is directed to close the case.

Dated: April 29, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2